849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert BRISCOE Petitioner-Appellant
v.
J.J. CLARKE, Warden, et al. Respondent-Appellee
 No. 87-6725.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 2, 1988.
Decided: May 31, 1988.
 
 R. Kenneth Mundy, on brief, for appellant.
 Henry E. Hudson, United States Attorney; Paula M. Potoczak, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellant, Robert Briscoe ("Briscoe"), was convicted in the Superior Court for the District of Columbia of assault with a deadly weapon, grand larceny and three counts of petit larceny. He was sentenced to fourteen years, nine months and twenty-four days' incarceration in a federal prison in Petersburg, Virginia. Briscoe became eligible for parole on May 20, 1985. At his parole hearing on November 6, 1985, the hearing panel set Briscoe's presumptive parole date as November 6, 1988. This date was chosen pursuant to federal parole guidelines.
 
 
 2
 After unsuccessfully appealing the parole hearing panel's decision through various administrative channels, Briscoe filed a petition for a writ of habeas corpus. Briscoe's petition challenged the merits of the hearing panel's decision, as well as attacked the decision because it was made under federal, rather than District of Columbia, parole guidelines. On this appeal Briscoe has carried forward only the latter contention concerning the guidelines employed by the panel. The fact that he happened to be confined in a federal prison should not, Briscoe argues on this point, lessen the applicability of the District of Columbia's parole guidelines since it was the District of Columbia's courts which convicted and sentenced him.
 
 
 3
 Briscoe's position may or may not have validity, but we need not reach its merits here. The strength of a substantially identical claim is being tested in a class action currently pending in the district court for the District of Columbia. Cosgrove v. Smith, 697 F.2d 1125 (D.C.Cir.1983). The class certified in Cosgrove (following remand from the Circuit Court) includes all male District of Columbia violators who are currently housed in federal prison facilities and who have been or will be reviewed for parole by the United States Parole Commission. Briscoe fits this class. The plaintiffs in Cosgrove, like Briscoe in this suit, are challenging the use of federal rather than District of Columbia parole guidelines to evaluate for parole persons convicted in the District of Columbia courts but incarcerated in federal prisons.
 
 
 4
 In view of the pending action in Cosgrove, the district court below declined to take jurisdiction over Briscoe's claim. We do not think the district court's decision was an abuse of discretion and, accordingly, we affirm.
 
 
 5
 AFFIRMED.